IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOROTHY VIRGINIA GETER,                     Case No. 3:14-cv-00932-AA

              Plaintiff,                    OPINION AND ORDER

       v.

COMMISSIONER of Social Security,

              Defendant.

_____

Tim Wilborn
Wilborn Law Office, P.C.
P.O Box 370578
Las Vegas, NV  89137
     Attorney for plaintiff

Billy J. Williams
United States Attorney
District of Oregon
Ronald K. Silver
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR  97201-2902

Daphne Banay
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
     Attorneys for defendant

1  - OPINION AND ORDER

Aiken, Chief Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for disability insurance benefits (DB) and supplemental security income (SSI) benefits under the Social Security Act (the Act). See 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner's decision is affirmed.

## BACKGROUND

On May 6, 2010 and August 11, 2010, plaintiff protectively filed applications for DBI and SSI, respectively. Tr. 16. Her applications were denied initially and on reconsideration. Tr. 16. On December 21, 2012, after timely requesting a hearing, plaintiff and a vocational expert (VE) appeared and testified before an administrative law judge (ALJ). Tr. 34-62. On January 16, 2013, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 13-28. The Appeals Council denied review, rendering the ALJ's decision as the final agency decision. Tr. 1-3. Plaintiff now seeks judicial review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is supported by substantial evidence in the record and the correct application of the law. Valentine v. Comm'r Soc. Sec. Admin, 574 F.2d 685, 690 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate

2 - OPINION AND ORDER

to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted). In determining whether substantial evidence supports the decision, the court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

### COMMISSIONER'S DECISION

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 18; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had medically determinable impairments of paraspinal muscle spasms, major depressive disorder, anxiety disorder, and panic disorder without agoraphobia. Tr. 18; 20 C.F.R. § 416.920(c). However, at step three, the ALJ found that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges is so severe as to preclude gainful activity." Tr. 21; 20 C.F.R. § 416.920(d).

At step four, the ALJ assessed plaintiff's residual

3  - OPINION AND ORDER

functional capacity (RFC) and found that plaintiff retained the
ability to perform light work. Tr. 22. The ALJ also found that
plaintiff is limited to "simple, routine work that involves no more
than incidental public contact." Tr. 22; 20 C.F.R. § 416.920(e).
Based on plaintiff's work history and the testimony of the VE, the
ALJ found that plaintiff had no past relevant work. Tr. 26; 20
C.F.R. § 416.920(f).

At step five, the ALJ found that plaintiff's RFC rendered her
capable of performing other work in the national economy as an
electronics worker, mail clerk, and information router. Tr. 27;
20 C.F.R. § 416.920(g). Therefore, the ALJ found plaintiff not
disabled under the meaning of the Act. Tr. 27.

DISCUSSION

Plaintiff asserts that the ALJ erred by: 1) failing to
incorporate the limitations found by an examining psychologist
into plaintiff's RFC; 2) failing to render RFC findings regarding
plaintiff's limitations in concentration, persistence, and pace;
3) finding plaintiff's allegations not fully credible; 4) failing
to credit a lay witness statement; and 5) providing an incomplete
hypothetical to the VE as a result.

A. Limitations Found by Examining Psychologist

Plaintiff maintains that the ALJ erred by failing to consider
plaintiff's limitations as noted by Dr. Williams, an examining
psychologist. Dr. Williams reported that plaintiff could perform
a job if it was "very simple and very repetitive," and that

4  - OPINION AND ORDER

plaintiff "would likely need some accommodations as directions written out for her and extra guidance when needed." Tr. 326. Dr. Williams also opined that plaintiff could work with others on a short-term basis and that long-term interactions could lead to irritably on plaintiff's part. Tr. 326.

The ALJ gave great weight to Dr. Williams' opinion and limited plaintiff to simple and repetitive work, with only incidental public contact. Tr. 25. However, the ALJ did not include the recommended limitations that plaintiff receive written instructions and "extra guidance when needed." Tr. 326. Plaintiff argues that the ALJ's omission constitutes reversible error.[1]

Even if the ALJ erroneously excluded these limitations from plaintiff's RFC, I agree with the Commissioner that the error was harmless. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.") (citation and internal quotation marks omitted); Stubbs-Danielson v. Astrue, 539 F.3d

---

[1] Citing Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795 (1999), plaintiff also argues that the limitations found by Dr. Williams constitute necessary workplace "accommodations," presumably within the meaning of the Americans With Disabilities Act (ADA); and, as plaintiff is unable to perform other work without such "accommodations," she should be found disabled under the Act. Pl.'s Brief at 10. However, whether a workplace limitation constitutes a need for "reasonable accommodation" under the ADA does not determine a claimant's eligibility for benefits under the Act. Rather, the ability of a particular claimant to perform other work is dependent on the testimony of the vocational expert, who has the expertise to opine whether the claimant's limitations preclude an occupation as it is generally performed.

5  - OPINION AND ORDER

1169, 1174 (9th Cir. 2008). At the administrative hearing, plaintiff's counsel asked the VE whether additional limitations of written instructions and extra guidance would eliminate the jobs that a claimant with plaintiff's RFC could perform. The VE testified that the requirements of the jobs identified would encompass the potential need for written instructions. Tr. 58-59. Therefore, the failure to include this limitation, if erroneous, was harmless.

The VE was unable to answer the question with respect to extra guidance, finding the limitation very "general." Tr. 59. However, the VE did not suggest that such a limitation would preclude any of the jobs identified; instead, the reiterated that those jobs involved simple instructions. Tr. 59. Given the ALJ's findings and the VE's testimony, I find no reversible error in the ALJ's failure to include "extra guidance when needed" in the RFC determination.

B. Concentration, Persistence and Pace Findings

Plaintiff next argues that the ALJ failed to address his own finding that plaintiff had marked difficulties with respect to concentration, persistence or pace and moderate difficulties with respect to social functioning. Tr. 21. I find no error.

In assessing plaintiff's RFC, the ALJ relied on a nonexamining psychologist who opined that, despite plaintiff's limitations with concentration and persistence, she retained the ability to carry out simple, routine tasks. Tr. 109, 111. This assessment is consistent with that of Dr. Williams. Tr. 326. Accordingly, the

6  - OPINION AND ORDER

ALJ limited plaintiff to simple, routine work and thus adequately captured plaintiff's limitations in concentration, persistence or pace as determined by the non-examining psychologist. See Stubbs-Danielson, 539 F.3d at 1173-1175 (finding that the ALJ's RFC assessment limiting the claimant to "simple, routine, repetitive sedentary work, requiring no interaction with the public" adequately captured limitations in concentration, persistence and pace reflected in the medical evidence); see also Thomas v. Barnhart, 278 F.3d 947, 956-958 (9th Cir. 2002). Therefore, this case differs from Brink v. Comm'r Soc. Sec., 343 Fed. Appx. 211, 212 (9th Cir. 2009), in that plaintiff cites no medical evidence or report to support greater restrictions in areas of concentration, persistence, and pace.

Similarly, the ALJ addressed his social functioning findings by limiting plaintiff to no more than incidental public contact. Again, the ALJ gave weight to the non-examining psychologist's opinion that plaintiff could interact appropriately with coworkers and supervisors and should have minimal interactions with the general public. Tr. 26, 112. Plaintiff nonetheless argues that the ALJ did not completely address her moderate limitations in social functioning, because the ALJ's RFC determination did not limit plaintiff's contact with coworkers and supervisors. However, the only evidence cited by plaintiff to support this limitation is her sister's statement that plaintiff has been terminated because she "thinks she [k]no[ws] everything." Tr. 248. The ALJ

7  - OPINION AND ORDER

rejected the sister's statement as inconsistent with the record, and plaintiff indicated that she had not been fired or laid off from a job because of an inability to get along with other people. Tr. 256. Therefore, I find no error.

C. Credibility Finding

Plaintiff argues that the ALJ erred by finding plaintiff's allegations not credible. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the alleged symptoms, and the record contains no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). Further, an ALJ's credibility findings must be properly supported by the record and "sufficiently specific" to ensure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective testimony. Thomas, 278 F.3d at 958. However, if "the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959.

Here, the ALJ found that the medical records did not support plaintiff's allegations. Tr. 22-24; see Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may look to medical record for inconsistencies in evaluating a claimant's testimony). For example, the ALJ noted that medical records generally reflect normal findings. Tr. 298, 314-18, 346, 503, 507,

8  - OPINION AND ORDER

533-34. The ALJ also noted that plaintiff was prescribed medication and acupuncture for her pain; she also reported improvement in managing her pain. Tr. 23, 467, 491, 496, 516, 530. Further, an examining physician opined that plaintiff had no exertional limitations and found that plaintiff could sit, stand and walk without limitation. Tr. 25, 318. The ALJ nonetheless found that plaintiff was limited to light work. I therefore find no error in the ALJ's consideration of the medical record as it related to plaintiff's allegations. See Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The ALJ also found that plaintiff's complaints about her pain and numbness were not entirely credible because plaintiff testified that she collects and returns empty bottles and cans to local grocery stores. Tr. 18. The ALJ found that this activity was inconsistent with her allegations of numbness and pain in her feet and ankles. Tr. 18, 38, 40. Daily activities may serve as a basis for discrediting a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1113.

In addition, the ALJ noted plaintiff's work history and her statements to Dr. Williams that she stopped working for reasons other than her alleged impairments. Tr. 25, 323. The fact that plaintiff stopped working for reasons other than her alleged

9  - OPINION AND ORDER

impairments is a sufficient basis to discredit her testimony. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (upholding credibility finding where the claimant "stated at the administrative hearing and to at least one of his doctors that he left his job because he was laid off, rather than because he was injured.").

Plaintiff also argues that the ALJ failed to consider her somatoform disorder when assessing her credibility. However, the ALJ determined that plaintiff's complaints of pain were not entirely credible, and the ALJ was not required to determine whether plaintiff's pain was psychologically related. See Thomas, 278 F.3d at 959 ("Having determined that Ms. Thomas' subjective complaints of pain were not credible, the ALJ had no need to explore whether Ms. Thomas' pain was psychologically related, because pain is subjective and depends on the credibility of the claimant."). Nonetheless, the ALJ discussed the evidence in the record suggesting that plaintiff's mental state was related to her pain; the ALJ noted that plaintiff did not pursue several recommended treatment options and that plaintiff's physician believed that plaintiff's symptoms were not "inhibiting her ability to function at this time," in March of 2012. Tr. 24, 407. I therefore find no error.

In sum, I find that the ALJ provided legally sufficient reasons to support his credibility findings.

D. Lay Witness Statements

Next, plaintiff argues that the ALJ improperly rejected the lay witness statements of Ronda Geter, plaintiff's sister. Tr. 243-50, 279-85. Lay testimony regarding a claimant's symptoms or an impairment's effect on the ability to work "is competent evidence that the ALJ must take into account." Molina, 674 F.3d at 1114. The ALJ must provide "reasons germane to each witness" in order to reject such testimony. Id. (citation and internal quotation omitted).

Ms. Geter commented on plaintiff's mood swings, inability to get along with others, and poor memory and concentration. Tr. 243, 247-48, 279, 285. The ALJ discounted the statements of Ms. Geter because she did not see plaintiff regularly and could not attest to her functional limitations. Tr. 30. The Commissioner concedes that this reason does not necessarily support the ALJ's decision, as Ms. Geter indicated she visited plaintiff in 2010 and later saw plaintiff on a monthly basis. Tr. 250, 279. However, the ALJ also found Ms. Geter's statements inconsistent with the medical record as a whole. Tr. 26. This is a reason germane to Ms. Geter's statement and is supported by the record, as discussed above.

E. Residual Functional Capacity

Finally, plaintiff argues that the ALJ's RFC findings and hypothetical provided to the VE are erroneous because they do not account for all of the functional limitations described in Dr. William's report and alleged by plaintiff and her sister. Only

11  - OPINION AND ORDER

limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001). As discussed above, because the ALJ's RFC determination was supported by substantial evidence, "[t]he ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). Accordingly, I find no error.

## CONCLUSION

The ALJ's findings are supported by substantive evidence in the record, and the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

DATED this 14 day of August, 2015.

Ann Aiken
United States District Judge

12   - OPINION AND ORDER